UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CLIFFORD J. SCHUETT,

Plaintiff,

v.

G GONZALEZ, et. al.,

Defendants.

Case No. 2:19-cv-01100-GMN-EJY

ORDER

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On February 14, 2020, the Court issued an order denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff had "three strikes" pursuant to 28 U.S.C. § 1915(g) and had not alleged facts that would be sufficient to show that he was in imminent danger when he brought his action. (ECF No. 18). The Court informed Plaintiff that if he did not pay the filing fee in full within thirty days of the date of that order, the Court would dismiss the action without prejudice. (*Id.*) The deadline for paying the filing fee has passed, and Plaintiff has not paid the full filing fee. Instead, Plaintiff has filed a motion in which he claims that he went past imminent danger and was injured as a result of the alleged violations. (ECF No. 20 at 1.)

The exception to the requirement that a plaintiff with three strikes pay a filing fee is based on whether the complaint adequately alleges that the plaintiff was in imminent danger at the time he brought the action, not on whether the plaintiff was injured by the alleged violations or whether a plaintiff can state a claim. *See Andrews v. Cervantes*, 493

F.3d 1047, 1052-55 (9th Cir. 2007). Plaintiff's alleged injuries therefore are irrelevant to whether he is required to pay the filing fee. Plaintiff did not allege facts sufficient to show that he was in imminent danger when he brought this action. He was required to pay the filing fee, and he has failed to do so.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket,

weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the full filing fee within thirty days expressly stated that failure to timely file the fee would result in dismissal without further notice. (ECF No. 18 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to timely pay the full filing fee.

It is therefore ordered that the motion for relief (ECF No. 20) is denied.

It is further ordered that this action is dismissed without prejudice based on Plaintiff's failure to pay the filing fee in compliance with this Court's order.

It is further ordered that the motion for screening and the motion for an order closing defendants' place of business (ECF Nos. 13, 17) are denied as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly and close this case.

DATED THIS 31 day of March 2020.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3